# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-1072V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
CANDI GONZALEZ, Natural Mother and      *     Filed: June 3, 2015
Guardian for M.A.-S.M., a minor,        *
                                        *
              Petitioner,               *     Petitioner's Motion for a Decision
       v.                               *     Dismissing the Petition; Vaccine Act
                                        *     Entitlement; Denial Without Hearing
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Carol L. Gallagher*, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE[1]

On November 4, 2014, Candi Gonzalez, as mother and guardian of her minor child, M.A.-S.M., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that vaccinations administered to M.A.-S.M. on March 28, 2012, including an immunization against pertussis, actually caused M.A.-S.M. to develop pertussis, and that the illness ultimately caused "ongoing post-pertussis cough, reactive airway disease (RAD) and speech delay," which lasted more than six months. *See* Pet. at 1 (ECF No. 1).

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On March 2, 2015, Respondent filed a Rule 4(c) reporting indicating that this case was not appropriate for compensation. Resp't's Rule 4(c) Report (ECF No. 13) at 1. Respondent argued that "Petitioner has not provided sufficient proof of vaccine causation to be awarded compensation." *Id.* at 2. First, Respondent noted that "Petitioner has not alleged, nor does the record support, an injury covered by the Vaccine Injury Table." *Id.* at 2-3. Second, Respondent indicated that "Petitioner here has not provided sufficiently reliable evidence of causation that [] required to establish a prima facie case that the pertussis vaccine can cause pertussis and that the pertussis vaccine in fact caused pertussis specifically in [this] case." *Id.* at 3-4.

Petitioner has now filed a motion seeking dismissal of this case. Pet'r's Mot. for Decision Dismissing her Pet., dated May 26, 2015 (ECF No. 18). In that motion, Petitioner indicates that "[a]n investigation of facts and science supporting her case has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1. My chambers contacted Respondent, who expressed no opposition to the motion.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that M.A.-S.M. suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that M.A.-S.M. experienced could have been caused by the vaccination(s) received and Petitioner herself has acknowledged she possesses no contrary evidence.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

   **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master